1   STEPHEN P. BERZON (SBN 46540)
    JONATHAN WEISSGLASS (SBN 185008)
2   STACEY M. LEYTON (SBN 203827)
    LAURA S. TRICE (SBN 284837)
3   ALTSHULER BERZON LLP
    177 Post Street Suite 300
4   San Francisco, CA 94108
    Telephone:  (415) 421-7151
5   Facsimile:  (415) 362-8064
    sberzon@altshulerberzon.com
6   jweissglass@altshulerberzon.com
    sleyton@altshulerberzon.com
7   ltrice@altshulerberzon.com

8   *Attorneys for Defendants International Union of
    Operating Engineers, James T. Callahan, Brian E.*
9   *Hickey, William C. Waggoner, Patrick L. Sink,
    Jerry Kalmar, Russell E. Burns, Rodger Kaminska,*
10  *James M. Sweeney, Robert T. Heenan, Daniel J.
    McGraw, Daren Konopaski, Michael Gallagher,*
11  *Greg Lalevee, Terrance E. McGowan, Louis G.
    Rasetta, Vincent Giblin, James Van Dyke, John T.*
12  *Ahern, John M. Holliday, Kuba J. Brown, Bruce
    Moffatt, James T. Kunz, Jr., James Zazzali, and*
13  *Michael R. Fanning*

14

15              **IN THE UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17   FINN PETTE, *et al.*,                    ) No. CV 12-09324 DDP (VBKx)
                                              )
18              Plaintiffs,                   )
                                              ) **OPPOSITION TO**
19        v.                                  ) **PLAINTIFFS' MOTION FOR**
                                              ) **RECONSIDERATION**
20   INTERNATIONAL UNION OF                   )
     OPERATING ENGINEERS, *et al.*,           ) Date: November 18, 2013
21                                            ) Time: 10:00 a.m.
                Defendants.                   ) Place: Courtroom 3, 2nd floor
22                                            ) Judge: Hon. Dean D. Pregerson
23   _____

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.   RECONSIDERATION OF PLAINTIFFS' RICO CLAIMS SHOULD BE
     DENIED UNDER LOCAL RULE 7-18 AND WOULD BE FUTILE . . . . . . . . 3

     A.   Plaintiffs Do Not Satisfy The Standard For Reconsideration Because
          They Seek To Present Arguments Not Previously Presented. . . . . . . . . 3

     B.   Reconsideration Of The Court's Standing Ruling Would Be Futile
          Because Plaintiffs Cannot Allege Injury To Any Named Plaintiff
          Sufficient To Establish Standing. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     C.   Reconsideration Of The Court's Standing Ruling Would Also Be Futile
          Because The EPEC Allegations Do Not Support A Plausible RICO
          Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.  RECONSIDERATION OF THE AIDING AND ABETTING CLAIM
     SHOULD BE DENIED BECAUSE PLAINTIFFS FAILED TO PRESENT
     GROUNDS FOR STATE LAW AIDING AND ABETTING LIABILITY
     IN OPPOSING THE MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

# TABLE OF AUTHORITIES

2

3

## FEDERAL CASES

4

*Ahmed v. Ashcroft*,
388 F.3d 247 (7th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5

*Blantz v. California Department of Correctional & Rehabilitation*,
727 F.3d 917 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6

7

*Brown v. Protective Life Insurance Co.*,
353 F.3d 405 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

9

*Daniels-Hall v. National Education Association*,
629 F.3d 992 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10

11

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12

*H.J. Inc. v. Nw. Bell Telegraph Co.*,
492 U.S. 229 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13

14

*Hopkins v. Andaya*,
958 F.2d 881 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15

*In re Benham*,
2013 WL 3872185 (C.D. Cal. May 29, 2013). . . . . . . . . . . . . . . . . . . 3

16

*Jumbo Bright Trading Ltd. v. Gap, Inc.*,
2013 WL 149660 (C.D. Cal. Jan. 14, 2013). . . . . . . . . . . . . . . . . . . . 2

17

18

*Kona Enterprises, Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

19

*Metzler Investment GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20

21

*Petrosyan v. AMCO Ins. Co.*,
2013 WL 3989234 (C.D. Cal. Aug. 2, 2013). . . . . . . . . . . . . . . . . . . 4

22

*Reves v. Ernst & Young*,
507 U.S. 170 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

23

24

*Roger Whitmore's Automobile Services, Inc. v. Lake Cnty., Illinois*,
424 F.3d 659 (7th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

25

*Rotella v. Wood*,
528 U.S. 549 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

26

27

*Saucier v. Katz*,
533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28

*Union Pac. R.R. Co. v. Coast Packing Co.*,
    236 F.Supp.2d 1130 (C.D. Cal. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 11

*Wagh v. Metris Direct, Inc.*,
    363 F.3d 821 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## FEDERAL STATUTES

18 U.S.C. §1961. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. §1962. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

18 U.S.C. §1964. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## LOCAL RULES

Local Civil Rules, Central District of California
    Local Rule 7-18. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## OTHER AUTHORITIES

Federal Election Commission,
    Reports Image Index for Committee ID: C00029504. . . . . . . . . . . . . . . . 7

1

**INTRODUCTION**

2    Plaintiffs' motion for reconsideration does not establish that any of the

3    grounds for reconsideration set forth in Local Rule 7-18 are met, but rather seeks to

4    advance legal arguments that Plaintiffs could have raised (but did not) in opposition

5    to Defendants' motions to dismiss.  These are inappropriate grounds for

6    reconsideration, and Plaintiffs' motion should be denied.

7    Plaintiffs seek reconsideration of this Court's October 9, 2013 Order Granting

8    Motions to Dismiss ("Order"), Dkt. 151, dismissing with prejudice Plaintiffs' first

9    through fourth claims for relief under the Racketeer Influenced and Corrupt

10   Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq.*, and Plaintiffs' seventh claim

11   for aiding and abetting.  As grounds for reconsideration, Plaintiffs contend that in

12   reaching its decision the Court failed to consider material facts that were presented to

13   it.  But rather than pointing the Court to overlooked facts, Plaintiffs' motion presents

14   new arguments, not previously made in opposition to dismissal, in support of RICO

15   standing and aiding and abetting liability.  Under Local Rule 7-18, Plaintiffs cannot

16   remedy their failure to advance certain arguments at the appropriate time by

17   presenting them on a motion for reconsideration.

18   Prior to this Court's October 9, 2013 Order, Plaintiffs had already been given

19   two opportunities to amend their complaint and ample time to respond to

20   Defendants' motion to dismiss.  There is no reason to grant Plaintiffs yet another

21   opportunity to replead claims that this Court properly dismissed with prejudice after

22   careful consideration of the arguments Plaintiffs made in opposition to dismissal.

23   For this reason, and because reconsideration would, in any event, be futile, Moving

24   Defendants respectfully request that the Court deny Plaintiffs' motion.[1]

25

26   [1] Moving Defendants are International Union of Operating Engineers
     ("IUOE"), James T. Callahan, Brian E. Hickey, William C. Waggoner, Patrick L.
27   Sink, Jerry Kalmar, Russell E. Burns, Rodger Kaminska, James M. Sweeney, Robert
28   T. Heenan, Daniel J. McGraw, Daren Konopaski, Michael Gallagher, Greg Lalevee,

1  **LEGAL STANDARD**

2      In this district, motions for reconsideration are governed by Local Rule 7-18,

3  which strictly limits the grounds on which reconsideration may be sought:

4        A motion for reconsideration of the decision on any motion may be made

5        only on the grounds of (a) a material difference in fact or law from that

6        presented to the Court before such decision that in the exercise of

7        reasonable diligence could not have been known to the party moving for

8        reconsideration at the time of such decision, or (b) the emergence of new

9        material facts or a change of law occurring after the time of such

10        decision, or (c) a manifest showing of a failure to consider material facts

11        presented to the Court before such decision.

12  Civ. L.R. 7-18.

13      As this Court has explained, "[a] motion for reconsideration is an

14  'extraordinary remedy, to be used sparingly.'" *Jumbo Bright Trading Ltd. v. Gap,*

15  *Inc.*, CV 12-08932 DDP MANx, 2013 WL 149660, at *1 (C.D. Cal. Jan. 14, 2013)

16  (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

17  Such motions are "generally unwelcome." *Id.* (internal quotation marks omitted).

18  In order to obtain reconsideration, the moving party "must demonstrate" one of the

19  grounds set forth in Local Rule 7-18. *Union Pac. R.R. Co. v. Coast Packing Co.*, 236

20  F.Supp.2d 1130, 1137 (C.D. Cal. 2002). If the moving party merely attempts "to

21  reargue its position by directing this Court to . . . arguments which it clearly could

22  have made earlier, but did not," reconsideration should not be granted. *Id.* at 1137-

23  38 (internal quotation marks omitted). The manifest error required by Local Rule

24  7-18(c) "'is not demonstrated by the disappointment of the losing party,'" but rather

25

26  ─────────────────────

27  Terrance E. McGowan, Louis G. Rasetta, Vincent Giblin, James Van Dyke, John T. Ahern, John M. Holliday, Kuba J. Brown, Bruce Moffatt, James T. Kunz, Jr., James

28  Zazzali, and Michael R. Fanning.

1   requires a "'wholesale disregard.'"  *In re Benham*, CV13-00205-VBF, 2013 WL

2   3872185, at *1 (C.D. Cal. May 29, 2013) (quoting *Ahmed v. Ashcroft*, 388 F.3d 247,

3   249 (7th Cir. 2004)).

4                                   **ARGUMENT**

5   **I.     RECONSIDERATION OF PLAINTIFFS' RICO CLAIMS SHOULD BE**

6          **DENIED UNDER LOCAL RULE 7-18 AND WOULD BE FUTILE**

7          **A.     Plaintiffs Do Not Satisfy The Standard For Reconsideration Because**

8                 **They Seek To Present Arguments Not Previously Presented**

9          This Court dismissed Plaintiffs' RICO claims with prejudice on the ground

10  that Plaintiffs failed to allege a direct, non-speculative injury to their own business or

11  property, as required to establish RICO standing.  *See* Order at 6-7 & n.4.  Plaintiffs

12  contend that reconsideration of this ruling is warranted under Local Rule 7-18(c),

13  which requires "a manifest showing of a failure to consider material facts presented

14  to the Court before [its] decision."  Specifically, Plaintiffs assert that the Court failed

15  to consider allegations that "certain" unidentified "employee Plaintiffs" were forced

16  to make contributions to the Engineers Political Education Committee (the "EPEC

17  fund") under threat of termination or retaliation, and that these forced contributions

18  constitute financial injury sufficient to support RICO standing.  Pls.' Mot. for

19  Reconsideration ("Mot.") at 1:11-15, Dkt. 155.  But Plaintiffs' motion ignores the

20  arguments actually presented to this Court and cannot satisfy the reconsideration

21  standard.

22          As an initial matter, Plaintiffs cannot make a "manifest showing" that the

23  Court disregarded the EPEC allegations because the Court plainly considered them.

24  The Order expressly describes allegations that Defendants "required local union

25  officers to contribute hundreds and thousands of dollars per year to IUOE's political

26  action fund," as Plaintiffs acknowledge.  Order at 2:20-28; Mot. at 3:11-16.

27

28

Opposition to Plaintiffs' Motion for Reconsideration
Case No. CV 12-09324 DDP (VBKx)                                                          3

1          But even if the Court *had* failed to consider the EPEC allegations in evaluating

2    RICO standing, it did so because Plaintiffs never argued – until now – that the

3    alleged mandatory contribution requirement resulted in an injury to Plaintiffs

4    sufficient to support RICO standing.  Although Plaintiffs addressed RICO injury in

5    two separate portions of their opposition brief, in both instances Plaintiffs argued

6    solely that their injuries arose from underpayments to, or embezzlement from, Local

7    501 and its ERISA funds.  *See, e.g.*, Pls.' Opp. to IUOE's Mot. to Dismiss at 14:2-4,

8    Dkt. No. 125 ("The SAC specifies many sorts of monetary loss. Those applicable to

9    this Motion include the losses resulting from the many alleged underpayments to

10   Local 501 and the ERISA funds, including the JAC and the Health & Welfare

11   Fund."); *id.* at 14:6-9 (discussing "[i]njuries to ERISA fund beneficiaries and losses

12   to Local 501's general revenues"); *id.* at 21:24-27 ("The compensable injuries

13   alleged in the SAC include underpayments to funds, underpayments to Local 501,

14   overcharges for certain benefits, and embezzlements.").  Likewise, although the

15   Court specifically asked Plaintiffs' counsel to address standing at the motion hearing,

16   Plaintiffs' counsel never mentioned the EPEC contributions or suggested that they

17   could support RICO standing.  *See* Mot. Hr'g Tr. at 10:5-12:12, 13:20-14:8, July 8,

18   2013 (attached as Exhibit A to the Declaration of Laura Trice in Support of IUOE

19   Defs.' Opp. to Mot. for Reconsideration ("Trice Decl.")).

20          This Court held, correctly, that losses to Local 501 or its ERISA funds cannot

21   confer standing on the individual Plaintiffs under RICO.  Order at 5-7.  Plaintiffs

22   cannot avoid the Court's ruling now by presenting alternative arguments that they

23   failed to raise before the Court issued its decision.  Such attempts at reargument do

24   not satisfy the standard for reconsideration set forth in Local Rule 7-18.  *See, e.g.*,

25   *Union Pac.*, 236 F.Supp.2d at 1137-38; *Petrosyan v. AMCO Ins. Co.*, No. CV

26   12–06876 SJO (CWx), 2013 WL 3989234 at *2 (C.D. Cal. Aug. 2, 2013) ("[A]

27   motion for reconsideration 'may not be used to raise arguments or present evidence

28   for the first time when they could reasonably have been raised earlier in the

1   litigation.'") (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  For

2   this reason alone, the Court should deny Plaintiffs' motion for reconsideration.

3           **B.**       **Reconsideration Of The Court's Standing Ruling Would Be Futile**

4                     **Because Plaintiffs Cannot Allege Injury To Any Named Plaintiff**

5                     **Sufficient To Establish Standing**

6        Even if Plaintiffs could satisfy the standard of Local Rule 7-18 (which they

7   cannot), reconsideration would be futile because Plaintiffs cannot allege that any

8   Plaintiff suffered injury from a so-called forced EPEC contribution during the statute

9   of limitations period.

10       As Moving Defendants pointed out in their prior briefing, *see* Reply ISO Mot.

11  to Dismiss at 7:24-8:5, Dkt. No. 137; *see also* Mot. Hr'g Tr. at 20:5-10, Trice Decl.

12  Ex. A, the Second Amended Complaint did not allege that any named Plaintiff was

13  induced by threat of job loss to make contributions to the EPEC fund.  Rather, it

14  contained only generalized allegations that unidentified "[o]fficers were told . . . they

15  had no choice but to contribute," SAC ¶75, Dkt. 67, that "hardball tactics are

16  applied," *id.* ¶78, and that "officers and employees of locals around the country

17  experienced extortive pressure to contribute," *id.* ¶80.  Plaintiffs failed to specify

18  which, if any, Local 501 employees experienced the alleged "hardball tactics" or

19  "extortive pressure," and Plaintiffs did not identify a single Local 501 officer or

20  employee  – let alone a named Plaintiff – who made contributions under threat of

21  termination or retaliation.  Even in the instant motion for reconsideration, which is

22  premised on the claim that at least one named Plaintiff suffered direct injury,

23  Plaintiffs assert only that "*certain* employee Plaintiffs and other employee class

24

25

26

27

28

1   members" were compelled to make contributions.[2]  Mot. at 1:12-13 (emphasis

2   added).

3          Only in their Third Amended Complaint ("TAC"), filed on October 23, 2013,

4   do Plaintiffs assert, without any factual enhancement, that "[i]n addition to plaintiffs

5   Pette, Himmelberg and McLaughlin, plaintiffs Nelson and Crooks were required to,

6   and did, make mandatory EPEC contributions, under the threat of loss of

7   employment [i]f they refused to do so."  TAC ¶126.  But this belated allegation is

8   unavailing.  None of these Plaintiffs can establish standing to pursue the RICO

9   claims in this action based on the alleged political contributions.

10          Plaintiffs Pette, McLaughlin, and Himmelberg cannot establish standing based

11   on contributions allegedly made under threat of termination from their Local 501

12   positions because they have disavowed all claims arising during their employment

13   with Local 501.  *See* TAC ¶¶7-9 (limiting claims against Moving Defendants to

14   "events occurring on or after May 1, 2012"); *id.* ¶¶165-82, 197, 199 (describing the

15   resignation and/or termination of Plaintiffs McLaughlin, Pette, and Himmelberg from

16   their Local 501 positions in 2009).  This conclusion is further confirmed by

17   contribution records maintained by IUOE, which show that the EPEC contributions

18   by Plaintiffs Pette, McLaughlin, and Himmelberg were all made in 2010 or earlier,

19   during the time period for which these Plaintiffs have disavowed all claims.  *See*

20   TAC ¶¶7-9; Declaration of Seth Morris in Support of IUOE Defs.' Opp. to Mot. for

21

22

23   _____

24          [2] Plaintiffs' assertions that unnamed members of the proposed employee class
    suffered injury are irrelevant.  To establish standing, Plaintiffs must plausibly allege
25   that at least one *named* Plaintiff was "injured in his business or property," 18 U.S.C.
    §1964(c).  *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir.
26   2011) (to maintain class action, at least one named plaintiff must have standing);
27   *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (named plaintiff
    in RICO action must allege that she personally was injured by predicate acts).
28

1  Reconsideration ("Morris Decl.") ¶¶6, 8.[3]  Plaintiffs therefore cannot rely on any

2  contributions made by Plaintiffs Pette, McLaughlin, or Himmelberg to establish

3  standing to pursue their RICO claims.

4  As for Plaintiffs Nelson and Crooks, Plaintiffs have not alleged that either was

5  employed by Local 501, or made any contributions, during the applicable 4-year

6  statute of limitations.  *See* TAC ¶¶14-15, 126; *Rotella v. Wood*, 528 U.S. 549, 552-

7  53, 120 S. Ct. 1075, 1079, 145 L. Ed. 2d 1047 (2000) (RICO claims subject to 4-year

8  statute of limitations that begins to run when the plaintiff discovers, or should

9  discover, his injury).[4]  In point of fact, neither Nelson nor Crooks has made

10  contributions to the EPEC fund at any time between 2008 and the present.  Morris

11  Decl. ¶8.   None of the other named Plaintiffs contributed to the EPEC fund during

12  the 2008-2013 period either.  Morris Decl. ¶7.  Accordingly, Plaintiffs cannot

13  establish standing to pursue their RICO claims based on their newly asserted claims

14  of forced EPEC contributions.

15

16  _____

17  [3]  Mr. Morris's declaration summarizes the contribution information

18  maintained by IUOE, which includes all individual contributions to the EPEC fund.
   In addition, IUOE submits contribution information for any IUOE member who

19  contributes an aggregate amount of $200 or more in a given year to the FEC in

20  reports that are publicly available on the Federal Election Commission's website.
   Federal Election Commission, Reports Image Index for Committee ID: C00029504,

21  http://query.nictusa.com/cgi-bin/fecimg/?C00029504. The Court may take judicial

22  notice of reports filed with a government agency and made publicly available on its

23  website. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir.
   2010) (court may take judicial notice of information made publicly available on

24  government website); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d

25  1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice).

26  [4] Plaintiff Crooks is alleged to have served as assistant training director of the
   Local 501 Southern California Operating and Maintenance Engineers Apprenticeship

27  and Training Trust, an ERISA-governed trust fund also known as the "JAC," but he

28  is not alleged to have been employed by Local 501.  TAC ¶14.

1    **C.     Reconsideration Of The Court's Standing Ruling Would Also Be**

2    **Futile Because The EPEC Allegations Do Not Support A Plausible**

3    **RICO Claim**

4           Finally, even if there were grounds to reconsider the Court's ruling on RICO

5    standing, and even if Plaintiffs could show injury within the limitations period,

6    Plaintiffs still could not maintain a RICO action based on their allegations of forced

7    EPEC contributions.  As demonstrated in the prior briefing, these allegations do not

8    support a reasonable inference that any Moving Defendant committed Hobbs Act

9    extortion or any other predicate act of racketeering.  *See* Mot. to Dismiss 13 n.3, Dkt.

10   83; Reply ISO Mot. to Dismiss 7:16-8:8, 9:3-16.  Like Plaintiffs' prior pleadings, the

11   Third Amended Complaint gives no indication of who required Plaintiffs to make

12   contributions, what the purported "threats" consisted of, and whether Plaintiffs had

13   any reasonable basis for fearing the loss of their employment.  TAC ¶¶125-31; *see*

14   *also, e.g.*, *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Illinois*, 424 F.3d 659,

15   671 (7th Cir. 2005) (to constitute Hobbs Act extortion, victim's fear of economic

16   loss must be reasonable).  Plaintiffs' bare assertion that threats "were used" by

17   unspecified individuals "at the direction of IUOE and Giblin," TAC ¶131, is far from

18   sufficient to state a claim against any Moving Defendant.  *See Blantz v. California*

19   *Dep't of Corr. & Rehab.*, 727 F.3d 917, 926-27 (9th Cir. 2013) (conclusory

20   allegation that one defendant directed other defendants to take action is insufficient

21   to defeat a motion to dismiss).

22          The EPEC allegations are also insufficient to support critical elements of

23   RICO §1962(b) and (c) claims: that the Defendants acquired control of a RICO

24   enterprise (that is, Local 501) or conducted its affairs through a pattern of

25   racketeering.  *See* 18 U.S.C. §1962(b)-(c).  The Third Amended Complaint does not

26   suggest that the alleged mandatory contribution requirement "led to [Moving

27   Defendants'] control or acquisition over a RICO enterprise," as required under

28   §1962(b), *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (internal

1  quotation marks omitted), *overruled on other grounds by Odom v. Microsoft Corp.*,

2  486 F.3d 541, 551 (9th Cir. 2007) (en banc), or that Moving Defendants

3  "participate[d] in the operation or management of the enterprise" through the alleged

4  mandatory contribution requirement, as required under §1962(c). *Reves v. Ernst &*

5  *Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 1173, 122 L. Ed. 2d 525 (1993).  Nor do

6  Plaintiffs allege two or more related and continuous extortionate acts by any Moving

7  Defendant that could plausibly constitute a pattern of racketeering.  *See H.J. Inc. v.*

8  *Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 2900, 106 L. Ed. 2d 195

9  (1989) ("to prove a pattern of racketeering activity a plaintiff or prosecutor must

10  show that the racketeering predicates are related, *and* that they amount to or pose a

11  threat of continued criminal activity").

12       Finally, any RICO claim based on the EPEC allegations is barred by RICO's

13  four-year statute of limitations, as Moving Defendants have already demonstrated

14  (and Plaintiffs did not contest).  *See* Mot. to Dismiss 13 n.3; Reply ISO Mot. to

15  Dismiss 9:3-16.  Plaintiffs allege that Defendant Giblin "boasted about the results of

16  his unlawful political contribution collection schemes" at IUOE's 37th General

17  Convention in April 2008, and that "[a]t that same convention" local officers and

18  employees "experienced extortive pressure to contribute."  TAC ¶131; *see also id.*

19  ¶108 (37th General Convention held in April 2008).  Given these allegations,

20  Plaintiffs must have known of the alleged mandatory contribution requirement more

21  than four years before the October 30, 2012 filing of this action.  Accordingly, any

22  claims based on these allegations are time-barred.  *Rotella*, 528 U.S. at 552-53.

23       For all of these reasons, the Court should deny Plaintiffs' motion to reconsider

24  its dismissal with prejudice of the RICO claims.

25

26

27

28

Opposition to Plaintiffs' Motion for Reconsideration
Case No. CV 12-09324 DDP (VBKx)

1    **II.      RECONSIDERATION OF THE AIDING AND ABETTING CLAIM**

2    **SHOULD BE DENIED BECAUSE PLAINTIFFS FAILED TO PRESENT**

3    **GROUNDS FOR STATE LAW AIDING AND ABETTING LIABILITY**

4    **IN OPPOSING THE MOTION TO DISMISS**

5         Plaintiffs also seek reconsideration of the Court's dismissal with prejudice of

6    their aiding and abetting claim on grounds that aiding and abetting liability under

7    federal law is "limited to those statutes in which it is imposed."  Order at 10:6-8.

8    Plaintiffs argue that reconsideration is warranted under Local Rule 7-18(c) because

9    the Court failed to consider that they intended to predicate aiding and abetting

10   liability on violations of state as well as federal law.

11        Again, however, Plaintiffs mischaracterize their own failure to present

12   arguments as a failure by the Court "to consider material facts."  Civ. L.R. 7-18(c).

13   Although Plaintiffs discussed aiding and abetting liability throughout their

14   opposition brief, Plaintiffs never once suggested that they sought to predicate aiding

15   and abetting liability on violations of the California Unfair Competition Law

16   ("UCL") or state law breaches of fiduciary duty.  *See, e.g.*, Pls.' Opp. to IUOE Defs.'

17   Mot. to Dismiss at 7:23-25, Dkt. 125 (discussing aiding and abetting of RICO

18   violations); *id.* at 14:19-25 (same); *id.* at 15:16-24 (same); *id.* at 17:21-18:9 (same);

19   *id.* at 25:5 (discussing aiding and abetting of ERISA violations).  Indeed, Plaintiffs

20   did not discuss either of these state law claims at all in opposing the motion to

21   dismiss.[5]

22

23

24

25       [5] Plaintiffs' UCL claim was not at issue in the motions to dismiss because it
     was not asserted against any of the Defendants who filed motions.  *See* SAC at 112

26   (naming only CVS Caremark Corporation, Trivantage Pharmacy Strategies, LLC,
     and Truven Health Analytics, Inc. in the UCL claim).  Plaintiffs gave no indication

27   that they intended to allege that any of the Defendants who moved to dismiss had

28   aided or abetted the alleged UCL violations.

1    Nor did Plaintiffs ever argue that their aiding and abetting claim should

2 survive based on state law principles of aiding and abetting liability, either in their

3 opposition brief or at the motion hearing.  Rather, the sole argument Plaintiffs made

4 in support of their aiding and abetting claim was that a defendant may be liable under

5 the federal RICO statute for aiding and abetting the commission of two or more

6 predicate acts.  *See* Pls.' Opp. to IUOE Defs.' Mot. to Dismiss 17:23-18:9.  Plaintiffs

7 did not cite a single case to support aiding and abetting liablity under California law

8 in opposing the motion to dismiss, and they should not be permitted to cure this

9 deficiency by presenting a new argument and new case law in a motion for

10 reconsideration.  *See Union Pac.*, 236 F.Supp.2d at 1138 ("directing this Court to

11 additional case law . . .  is not the purpose of motions for reconsideration") (internal

12 quotation marks omitted).

13    This Court did not overlook material facts in ruling on the aiding and abetting

14 claim, as Plaintiffs contend, but rather considered the facts and arguments actually

15 presented.  A motion for reconsideration may not be used to raise additional theories

16 and contentions that could have been raised earlier, *Carroll*, 342 F.3d at 945; Civ.

17 L.R. 7-18, and this Court should therefore disregard Plaintiffs' belated arguments in

18 their entirety.  *See Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992),

19 *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151,

20 150 L.Ed.2d 272 (2001).  For these reasons, Plaintiffs' motion for reconsideration of

21 the aiding and abetting claim should be denied.

22                              **CONCLUSION**

23    For the reasons presented, Moving Defendants respectfully request that the

24 Court deny Plaintiffs' motion for reconsideration.

25

26

27

28

1   Dated: October 28, 2013              Respectfully submitted,

2

3                                        STEPHEN P. BERZON
                                         JONATHAN WEISSGLASS
                                         STACEY M. LEYTON
4                                        LAURA S. TRICE

5                                        By:   /s/   Stacey Leyton

6                                               Stacey Leyton

7

8

9                                        *Attorneys for Defendants International Union
                                         of Operating Engineers, James T. Callahan,
10                                       Brian E. Hickey, William C. Waggoner,
                                         Patrick L. Sink, Jerry Kalmar, Russell E.
11                                       Burns, Rodger Kaminska, James M. Sweeney,
                                         Robert T. Heenan, Daniel J. McGraw, Daren
12                                       Konopaski, Michael Gallagher, Greg Lalevee,
                                         Terrance E. McGowan, Louis G. Rasetta,
13                                       Vincent Giblin, James Van Dyke, John T.
                                         Ahern, John M. Holliday, Kuba J. Brown,
14                                       Bruce Moffatt, James T. Kunz, Jr., James
                                         Zazzali, and Michael R. Fanning*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Plaintiffs' Motion for Reconsideration
Case No. CV 12-09324 DDP (VBKx)                                          12